Jonathan CROWELL, Samantha Kilmurray, Plaintiffs,

v.

Robert KIRKPATRICK, Michael Gorman, Chuck Aleck, Peter Dimarino, Defendants.

No. 2:08–CV–55.

United States District Court, D. Vermont.

Sept. 9, 2009.

David C. Sleigh, Sleigh & Williams, St. Johnsbury, VT, for Plaintiffs.

Nancy G. Sheahan, McNeil, Leddy & Sheahan, P.C., Burlington, VT, for Defendants.

## OPINION and ORDER

JOHN M. CONROY, United States Magistrate Judge.

Plaintiffs Jonathan Crowell and Samantha Kilmurray bring this civil rights action pursuant to 42 U.S.C. § 1983 against Robert Kirkpatrick, Michael Gorman, Chuck Aleck, and Peter DiMarino, all of the Town of Brattleboro, VT Police Department ("BPD"). They allege that the officers used excessive force and effected unlawful arrests when they arrested the Plaintiffs to end a protest on private property in Brattleboro on July 24, 2007.[1] (Doc. 1). On April 2, 2009, the Defendants filed a Motion for Summary Judgment (Doc. 43), claiming that they are entitled to qualified immunity. Presently before the Court are the Plaintiffs' Motions to Supplement the Record (Doc. 54), Amend the

Complaint (Doc. 55), Strike the Defendants' Motion for Summary Judgment (Doc. 56), and Direct the Defendants to Pay Costs (Doc. 59). For the reasons stated below, the Defendants' Motion to Supplement the Record is GRANTED as unopposed (Doc. 58), but the remaining motions are DENIED.

## I. Motion to Amend the Complaint (Doc. 55)

The Plaintiffs wish to amend their Complaint principally in order to add an additional 42 U.S.C. § 1983 claim, which alleges that the Defendants violated the Plaintiffs' First Amendment rights by arresting them for protesting on private land without probable cause. (Doc. 55-2). They also seek to add several factual averments to the Complaint, which essentially assert that the Plaintiffs had unrevoked consent from the landowners to be on the property, and that the Defendants "independently" decided to arrest the Plaintiffs without properly consulting the landowners. *Id.*

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend when justice so requires. However, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Moreover, when a motion to amend is brought after the Scheduling Order's deadline for amending the pleadings, as it was here,[2] the moving party must establish good cause for modifying the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4). *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000).

In this case, not only do the Plaintiffs fail to establish "good cause," they fail to establish any cause at all. The Plaintiffs' motion is based entirely on the deposition of Brattleboro Town Manager Barbara Sondag, taken during the course of an unrelated law-

---

1. This Opinion and Order assumes that both Parties are familiar with the facts and procedural posture of this case.

2. Under the Court's Scheduling Order, pleading amendments were to be completed by June 1, 2008, more than a year before the Plaintiffs made this motion. (Doc. 20).

suit.[3] However, neither Sondag's testimony nor the accompanying exhibits reveal anything new or heretofore unknown, and thus cannot justify an amendment to the Scheduling Order more than a year passed the deadline for pleading amendments.

The Plaintiffs focus on the investigation made by Sondag into the circumstances of the Plaintiffs' arrests. In particular, they rely on an interview by Sondag of Defendant Kirkpatrick in which he said that it was his idea to ask the landowners for additional time on July 23 to allow the protesters to leave on their own. (Doc. 54–13 at 2). Sondag later concluded that, "On the morning of July 24, four officers independently made the decision to try and remove the protesters early in the morning so that more people would not rejoin the protest." (Doc. 54–11 at 1). According to the Plaintiffs, it follows from these statements that (a) the Plaintiffs had unrevoked landowner permission to remain on the land, (b) the Defendants knew this, and (c) the Defendants decided to arrest the Plaintiffs on the morning of July 24 without once again consulting with the landowners. (Doc. 54 at 2–3).

The difficulty with the Plaintiffs' position here is twofold: (1) the inferences they draw from Sondag's deposition are entirely fanciful and unrealistic; and (2) even assuming that Sondag's deposition is evidence for what the Plaintiffs say it is, it would only further confirm what their position has been throughout this entire litigation, and therefore cannot serve as grounds to add new claims.

As to the second point, the Plaintiffs have maintained throughout that the Defendants lacked probable cause to arrest the Plaintiffs for trespass, as evidenced by their inclusion of an "unlawful arrest" claim in their original Complaint (Doc. 1 ¶ 104), and prior assertions such as, "[there was] unwithdrawn consent for Plaintiffs' presence from the landowners," (Doc. 46 at 12), and "Defendants Kirkpatrick and Gorman had unilaterally determined the night before that they would remove Plaintiffs from the lot despite the landowner's consent to their presence[.]" (Doc. 46 at 10–11). Further, it has always been undisputed that the Defendants contacted neither the landowners nor police leadership on the morning of July 24, or indeed anytime after consent to leave the protesters overnight was granted. (Doc. 47–2). Thus, even joining the Plaintiffs in their wholly unreasonable interpretation of the Sondag deposition, it does not now permit them to make claims or allege facts that they were not already making or alleging before. If the Plaintiffs believe these facts constitute a First Amendment violation, they were free to include such a claim long before now. Accordingly, there is no "good cause" shown for amending their Complaint at this late hour, and the Plaintiffs' Motion is DENIED for this reason alone.

But of course, to infer that the Plaintiffs had unrevoked permission to remain on the property from Sondag's statement that "four officers independently made the decision to try and remove the protesters," would be unreasonable. The issue here, of course, is confined to the probative value of Sondag's deposition, not whether the Plaintiffs in fact had permission to be on the land.

As stated, it has always been undisputed that on the morning of July 24 the Defendants did not contact the landowners and did not contact their superiors, and in that sense "independently" decided to arrest the Plaintiffs. But to say it must follow that the Plaintiffs had permission to be on the land, or that the Defendants subjectively understood the Plaintiffs to possess such permission, is unreasonable even under the most forgiving of standards.

Certainly, if Sondag believed that the Plaintiffs had permission to be on the land then she would not have concluded, as she did, that the appropriate amount of force was used to arrest the Plaintiffs. (Doc. 54–2 at 126:10–14; 128:16–129:1). And in a sworn affidavit, Sondag now confirms that she "solely intended to convey that the officers acted without any guidance from the then chief of police," not that the Defendants act-

---

**3.** The Defendants consent to supplementing the record with Sondag's testimony along with the relevant deposition exhibits. (Doc. 58).

ed contrary to the landowner's instructions. (Doc. 60–2, Sondag Aff. ¶ 7).[4] Moreover, the record continues to reflect, as it has throughout the summary judgment phase, that the landowners specifically told the police to remove the protesters (including the Plaintiffs) on July 23 and to issue trespass orders if necessary.[5] (Doc. 47–2 ¶ 9). Finally, the undisputed facts also show that subsequent permission for the protesters to remain overnight came only at the suggestion of Defendant Kirkpatrick and the police. (Doc. 46–3 at 11–12). Given this context, one cannot reasonably view the Sondag deposition as evidencing either (1) that on the morning of July 24, the Plaintiffs possessed permission to be on the land, or (2) that the Defendants arrested the Plaintiffs despite a subjective belief that they were not actually trespassing. In this regard, the problem with Sondag's deposition is one of relevance, not weight.

In sum, the motion fails because the Plaintiffs do not claim that the Sondag deposition supports factual allegations that have not already been alleged. And, in reality, this new evidence does nothing except to confirm some aspects of the already existing factual record, and fails to even arguably support the Plaintiffs' claims. Accordingly, there is no "good cause" shown for why the Complaint should be amended now.

Additionally, the Plaintiffs' Motion to Amend would be denied even under the more liberal standard of Rule 15, which instructs courts to "freely give leave [to amend] whenever justice so requires." Fed.R.Civ.P. 15(a)(2). In this case, justice requires exactly the opposite. As the foregoing analysis shows, the Plaintiffs have failed to offer a satisfactory explanation for the lengthy delay in proposing these amendments, and the delay is therefore "undue." *See Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990).

Further, the present motion was filed not only after a long delay, but after the Defendants fully briefed their Motion for Summary Judgment and the Court scheduled a hearing on the motion. Adding an additional count to the Complaint, especially one based on legal theories not yet at issue, would force further briefing and perhaps another round of oral argument. Particularly since the Sondag deposition does not materially alter the existing record in any way, justice requires that the Defendants' motion be fairly considered and decided by this Court.

## II. Motions to Strike Motion for Summary Judgment and to Award Costs (Docs. 56 and 59)

The Plaintiffs' Motions to Strike the Defendants' Motion for Summary Judgment, and to Direct the Defendants to Pay Costs, are based on serious allegations of dishonesty and bad faith aimed at opposing counsel. (Doc. 56 at 2). In short, these motions, and the allegations upon which they are based, are entirely without merit. Indeed, it is disappointing that these Motions were made at all, as they not only levy warrantless accusations at another officer of this Court, but also needlessly delay the further progression of this lawsuit.

In any case, since the Sondag deposition is merely cumulative of the record as it exists to date, it cannot—and does not—show that either the Defendants or their counsel have submitted anything to the Court in bad faith.

## III. Conclusion

For the foregoing reasons, the Plaintiffs' Motion to Supplement the Record (Doc. 54) is GRANTED as unopposed, but their Motions to Amend the Complaint (Doc. 55), Strike the Defendants' Motion for Summary

---

4. At oral argument on the Motion to Amend, Plaintiffs' counsel said that Sondag's affidavit could be properly considered by the Court, but that, in his view, it is "not germane."

5. Given this undisputed fact, it is puzzling that the Plaintiffs now claim that "the landowners *never* asked the Defendants, or any agents of the Brattleboro Police Department, to remove Plaintiffs from the land." (Doc. 54 at 3) (Emphasis Added). This assertion is simply untrue, not to mention ironic insofar as the Defendants are accused of providing misinformation to the Court.

Judgment (Doc. 56), and Direct the Defendants to Pay Costs (Doc. 59) are DENIED.